TANZER, J.,
specially concurring.
Assuming arguendo that a city council may lawfully divest itself of a responsibility by an irrevocable delegation to a city agency or officer, then regardless of whether the act or decision delegated to and performed by the planning commission finder Ordinance 75-5 was quasi-judicial or not, such a divestiture cannot be presumed from a silent ordinance. Ordinance 75-5 expresses no such divestiture and grants no *[1343] finality to the action of the planning commission. Accordingly, the city council retained jurisdiction to review the action by the planning commission. The motion to quash was properly granted.
The theory of the majority that a delegation of quasi-judicial authority is invalid without provision for hearing is very interesting, but it is not presented by the pleadings or appeal in this case. The existence or lack of review jurisdiction in the city council is the sole issue raised below or here.[1] For all we know, there may have been a public hearing; at least the petitioners have not challenged the proceedings for lack of one. There is no justification for the majority reaching out for a decisional issue that is not presented and avoiding the one that is squarely presented.
I therefore specially concur.

Paragraph XIX of the Petition for Writ of Review alleges lack of jurisdiction as the sole claim of irregularity of the city council action:
"In accepting the developer’s appeal, reversing the unanimous decision of the Planning Commission, and permitting the development on all portions of the Subject Property, the Council exceeded its jurisdiction in that:
"1. Neither Ordinance 75-5 nor any other provision of law establishes an appeal to the Council of the Planning Commission’s decision taken pursuant to Ordinance 75-5.
"2. In the absence of any provision of law establishing an appeal, the Planning Commission’s decision regarding the developer’s compliance with conditions for the street vacation is final for purposes of review.
"3. Pursuant to ORS 271.130(4), the developer’s remedy was to seek review of the Planning Commission’s decision in Clatsop County Circuit Court.”